IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

OCT 1 2 2005

Michael N. Milby, Clerk of Court

| | |
|---|---|
| MICHAEL EARL RICHARD, § | |
| TDCJ-CID #1052157, § | |
| Petitioner, § | |
| § | CIVIL ACTION NO. H-05-3331 |
| v. § | |
| DOUGLAS DRETKE, § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER ON DISMISSAL

State inmate Michael Earl Richard has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2001 state court felony convictions. After considering the pleadings and the applicable law, the Court concludes that the petition must be dismissed as time-barred.

## I. PROCEDURAL HISTORY

According his pleadings, petitioner pleaded guilty on July 24, 2001 to burglary of a habitation and two counts of assault on a public servant, under cause numbers 846267, 846228, and 846227 in the 177th District Court of Harris County, Texas, and was sentenced to twenty years incarceration. His direct appeal was dismissed for lack of jurisdiction. *Richard v. State*, Nos. 01-02-00531-CR, 01-02-00532-CR, and 01-02-00533-CR (Tex. App. – Houston [1st Dist.] 2002) (not designated for publication). No petition for discretionary review was filed.

Petitioner's first application for state habeas relief was denied on February 26, 2003 because his direct appeal was pending. His second application for state habeas relief was

filed on February 23, 2004, and denied on June 22, 2005. Petitioner filed this federal habeas corpus petition on September 27, 2005, raising numerous complaints about his 2001 conviction.

## II.  DISCUSSION

### A.  The One-Year Statute of Limitations

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328(5th Cir. 1999).

In this case, petitioner's conviction became final for purposes of the one-year limitations at the conclusion of direct review or the expiration of the time for seeking such review. According to the Texas Court of Criminal Appeals order attached to petitioner's petition, his direct appeal was dismissed for lack of jurisdiction because of an untimely notice of appeal. Accordingly, petitioner's conviction became final on or about August 24, 2001, thirty days after the date of judgment, when his time to file a direct appeal expired. *See* TEX. R. APP. P. 26.2(a)(1). That date triggered the AEDPA statute of limitations, which expired one year later on or about August 24, 2002. This pending federal petition, filed in 2005, is time-barred unless an exception applies.

**B.     Tolling Provisions**

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period. *Artuz v. Bennett*, 531 U.S. 4 (2000). Petitioner does not disclose the date on which he filed his first state habeas application, but states that it was dismissed by the Texas Court of Criminal Appeals on February 26, 2003 because his direct appeal was still pending. If a state habeas application is filed prior to mandate issuing on the underlying

3

conviction, the application is not "properly filed," and AEDPA limitations is not tolled. *Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2004). As a result, petitioner's first state habeas application was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2), and it did not toll limitations. As limitations expired on or about August 24, 2002, petitioner's second state habeas application, filed in 2004, was filed after expiration of limitations and had no tolling effect. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). No grounds for application of 28 U.S.C. § 2252(d)(1)(B), (C), or (D), or for application of any equitable tolling provisions, have been shown. Accordingly, there is no statutory or other basis to save petitioner's untimely petition. This pending habeas petition is barred by the AEDPA one-year limitation period.

### III. CONCLUSION

Petitioner's petition for habeas relief is **DENIED** and this case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 10th day of October, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE